# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **INTERNET ACCESS SOLUTIONS LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**VERIZON COMMUNICATIONS, INC., and VERIZON ONLINE LLC,**<br><br>Defendants. | Case No.<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Internet Access Solutions LLC ("IAS") files this Complaint against Verizon Communications, Inc. and Verizon Online LLC (collectively "Verizon" or "Defendants") for infringement of U.S. Patent No. 6,072,825 ("the '825 patent") and U.S. Patent No. 6,212,374 ("the '374 patent") (collectively "the patents-in-suit" or "asserted patents").

## THE PARTIES

1. IAS is a Delaware limited liability company with its principal place of business located at 604 East 4th Street, Suite 201, Fort Worth, Texas 76102.

2. Verizon Communications, Inc. is a Delaware corporation with its principal place of business at 140 West Street, New York, New York 10007.

3. Verizon Online LLC is a Delaware corporation with its principal place of business at 140 West Street, New York, New York 10007.

4. Defendants each maintain a registered agent for service of process in Delaware at The Corporate Trust Company, Corporate Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

1

## JURISDICTION AND VENUE

5. IAS brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving the accused products in this judicial district, and/or has regular and established places of business in this district.

7. Each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process, due at least to its substantial business in this State and judicial district, including: (A) committing acts of infringement in this judicial district as described herein; (B) having a corporate headquarters in this judicial district; and (C) regularly conducting or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods and products sold and services provided to Delaware residents.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,072,825)

8. IAS incorporates paragraph 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

10. IAS is the assignee of the '825 patent, entitled "Noncooperative Feedback System and Method for a Compensation System Associated with Transmitter or Codec," with all

substantial rights to the '825 patent, including the exclusive right to enforce, sue, and recover damages for past and future infringement. A copy of the '825 patent is attached as Exhibit 1.

11. The '825 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

12. Each Defendant has, and continues to, directly infringe one or more claims of the '825 patent in this judicial district and elsewhere in the United States.

13. In particular, each Defendant has, and continues to, infringe at least claims 22 and 31 of the '825 patent by, among other things practicing infringing methods including, but not limited to, Defendants practices in conjunction with the offering of dial-up internet service that utilize the V.90 and/or V.92 standards.

14. IAS has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to IAS in an amount that adequately compensates IAS for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 6,212,374)

15. IAS incorporates paragraph 1 through 14 herein by reference.

16. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

17. IAS is the assignee of the '374 patent, entitled "Disabling of Echo Cancelers After Call Startup," with all substantial rights to the '374 patent, including the exclusive right to enforce, sue, and recover damages for past and future infringement. A copy of the '374 patent is attached as Exhibit 2.

18.	The '374 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

19.	Each Defendant has, and continues to, directly infringe one or more claims of the '374 patent in this judicial district and elsewhere in the United States.

20.	In particular, each Defendant has, and continues to, infringe at least claim 10 of the '374 patent by, among other things, making, using, offering for sale, selling, and/or importing infringing devices including, but not limited to, devices used by Defendants that implement the V.92, G.165 and/or G.168 standards in connection with offering dial-up internet service.

21.	IAS has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to IAS in an amount that adequately compensates IAS for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **JURY DEMAND**

IAS requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

Plaintiff asks that the Court find in its favor and against Defendants and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '825 patent and/or the '374 patent have been infringed, either literally and/or under the doctrine of equivalents by Defendants;

b. Judgment that Defendants account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein;

c. Judgment that Defendants account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d. That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

e. Find this case exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages; and

f. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED: June 13, 2014                    INTERNET ACCESS SOLUTIONS LLC

                                        By:     /s/ *Timothy Devlin*
                                                Timothy Devlin (# 4241)
                                                Devlin Law Firm LLC
                                                1220 N. Market Street, Suite 850
                                                Wilmington, DE 19801
                                                302-449-9010
                                                tdevlin@devlinlawfirm.com


Of Counsel:

Timothy E. Grochocinski
Joseph P. Oldaker
INNOVALAW, P.C.
1900 Ravinia Place
Orland Park, Illinois 60462
P. 708-675-1975
teg@innovalaw.com
joldaker@innovalaw.com

COUNSEL FOR PLAINTIFF
INTERNET ACCESS SOLUTIONS LLC